**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4192**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAL LAMONT SIMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00147-D-1)

Submitted:  February 22, 2022            Decided:  March 14, 2022

Before MOTZ and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Lamont Sims pled guilty, without the benefit of a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (Count 1), and possession of marijuana, in violation of 21 U.S.C. § 844(a) (Count 2). The district court sentenced Sims to 78 months' imprisonment on Count 1 and a concurrent 12-month sentence on Count 2. Sims timely appeals.

Sims' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the reasonableness of Sims' sentence. Although informed of his right to do so, Sims has not filed a pro se supplemental brief. The Government has elected not to file a brief. We affirm Sims' convictions, vacate his sentence, and remand for resentencing.

At the sentencing hearing, the district court did not announce two discretionary conditions of supervised release that it ultimately included in the written judgment. These discretionary conditions require that Sims "shall not incur new credit charges or open additional lines of credit without approval of the probation office" and that he "shall provide the probation office with access to any requested financial information."[1]

---

[1] The Eastern District of North Carolina has adopted a standing order specifying standard conditions of supervised release that includes these two conditions. *See In re Mandatory and Standard Conditions of Probation and Supervised Release*, 20-SO-8 (E.D.N.C. June 25, 2020), available at http://www.nced.uscourts.gov/data/StandingOrders/20-SO-8.pdf. However, this order had not yet been adopted at the time of Sims' February 18, 2020, sentencing.

While a district court need not orally pronounce all mandatory conditions, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). Where, as here, the court fails to announce nonmandatory conditions of supervised release that are later included in the written judgment, the remedy is to vacate the sentence and remand for a full resentencing hearing.[2] *See United States v. Singletary*, 984 F.3d 341, 347 & n.4 (4th Cir. 2021).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal.[3] We therefore affirm Sims' convictions, vacate his sentence, and remand for resentencing. This court requires that counsel inform Sims, in writing, of the right to petition the Supreme Court of the United States for further review. If Sims requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sims. We dispense with oral argument because the facts and legal contentions are adequately

---

[2] The district court did not have the benefit of our decision in *Rogers* when it sentenced Sims.

[3] Because the sentence was not properly imposed, we do not address any other potential issues related to Sims' sentence at this juncture. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
